PETER AND GEORGE SOWERWEIN *vs.* RAPHAEL JONES.
*December,* 1835.

A promissory note in the usual form, given by an endorser to an acceptor of a bill, for the amount of the bill after its payment by the acceptor, is without consideration and void; yet if such endorsement was made by the endorser, for the purpose of saving the acceptor harmless from his acceptance, then the note, if given in pursuance of that understanding, would be valid.

Where a defendant filed a bill of discovery against the plaintiff, who answered, and the defendant read the bill and answer to the jury, the contents of the answer may be considered by the jury, so far as they credit them, as evidence of the plaintiff's right to recover.

It is the province of the court, whenever called on by the plaintiff or defendant, to inform the jury what are the principles of law applicable to the case under trial, which should control and regulate their verdict.

When the law is declared by the court, the jury are expected to govern themselves by it, and counsel will not be permitted to claim a verdict upon any principles at variance with the positions advanced by the court.

Exceptions are taken from the *instructions* of the court given to the jury, and any decision or declaration by the court, upon the law of the case, made in the progress of the cause, and by which the jury are influenced, and the counsel controlled, is considered as coming within the scope and meaning of that term.

APPEAL from *Frederick* county court.

This was an action of *assumpsit* instituted by the appellants, against the appellees, on the 2nd of June, 1832, to recover the amount of a promissory note for $215, made by the appellee in favour of the appellants, dated 20th of February, 1832, and payable 60 days after date. Issue was joined upon the plea of *non assumpsit.*

1. At the trial, after the plaintiffs had proved the execution of the note upon which the action was brought; the defendant proved, and read to the jury, a bill of exchange for $300, drawn by one *Asbury Norwood,* on the plaintiffs, and accepted by them, payable to, and endorsed by the defendant, at sixty days from the 15th of June, 1831.

The defendant also read to the jury, a bill of discovery, filed by him against the plaintiffs, on the equity side of *Frede-*

*rick* county court, and their answer thereto ; from which it appeared, that the note upon which the action was brought was given by the defendant, on account of, and in part payment of said bill of exchange, which had been paid by the acceptors at its maturity, the balance having been settled by the defendant in another way.

The plaintiffs in their answer to the bill stated, that when they agreed to accept *Norwood's* draft for $300, it was with the understanding that the defendant, *Jones,* should be his surety and endorser, and that they accepted the same upon the faith of his responsibility, his name appearing as an endorser, at the time of their acceptance.  That defendant placed his name upon the bill, expressly to indemnify, and secure them against loss, by reason of such acceptance, and expressly with a view, and under an agreement with said *Norwood,* to indemnify and save them harmless, by reason of their acceptance of said draft.  That after they, the plaintiffs, had paid the said draft, they called on *Jones* (the defendant) for the money, who admitted his responsibility therefore, and freely, and voluntarily made the settlement, and gave the note upon which the present action is brought, admitting when called on for the money, that he was liable for the same, and that he endorsed the said bill of exchange upon that understanding and belief.  That shortly after the defendant *Jones,* had thus given his note to the plaintiffs, he instituted proceedings in attachment, against *Norwood,* to recover from him the amount which he, the defendant, had so bound himself to pay to the plaintiffs.  The proceedings in the attachment, which was commenced on the 21st of February, 1832, were then read to the jury by the plaintiffs, but it was admitted that nothing was obtained under them.

The defendant then prayed the court to instruct the jury, that if they should believe from the evidence in the cause, that the said draft was drawn by the said *Norwood,* upon the plaintiffs, in favour of the defendant, and by him endorsed to the *Frederick County Bank,* and accepted by the

plaintiffs after the endorsement, and paid by the acceptors, at its maturity; and that the defendant afterwards, upon the demand of the plaintiffs', paid them a portion thereof, and gave the note upon which this action is brought, for the purpose of re-paying to the said plaintiffs the amount of their acceptance, and upon no other consideration, that then said note was given without sufficient consideration, and the plaintiffs are not entitled to recover.

The court (BUCHANAN, Ch. J. and THOMAS BUCHANAN, and SHRIVER, A. J's.) gave the instruction, and the plaintiffs excepted.

2. Upon the preceding evidence, the plaintiffs then prayed the court to instruct the jury, that if they shall find from the evidence, that the defendant gave the note in question voluntarily, with full knowledge of the facts and circumstances in relation to the transactions between *Norwood* and the plaintiffs; then the plaintiffs are entitled to recover.

The court refused this instruction, upon the grounds :— 1st. That there is no sufficient evidence in the cause, that defendant made any agreement with the plaintiffs or *Norwood*, at, or before the time the said bill was drawn, or at or before the same was paid by the plaintiffs, that the defendant should be responsible to the plaintiffs for its amount, in case *Norwood* the drawer, should not pay the same.

And 2dly. That if the defendant made the note under a misconception of his legal rights, he is not precluded from insisting in this action upon the want of consideration for the note. The plaintiffs excepted, and the verdict and judgment being against them, they appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY and CHAMBERS, Judges.

R. Johnson for the appellant contended,

There is sufficient evidence of consideration to support the note on which the action was brought.

1. The answer was read by the defendant, and of course, the whole of it is evidence, and the agreement upon which the note was given, is sufficiently established by it. *Roscoe on Ev.* 105. 1 *Saun. Pl. and Ev.* 179, 180.

Promises are valid and binding, when founded either upon a consideration beneficial to the party promising, or where the non-performance of the promise would be injurious to the other party. Here injury might result to the plaintiff by giving up their remedy against *Norwood.* 2 *Saun. Rep.* 137, *note E.*

2. It cannot be doubted, that the answer contained evidence tending to prove the issue on the part of the plaintiffs, and consequently, the case should have been referred to the jury. *Davis vs. Barney*, 2 *Gill and Johns. Rep.* 382. And yet the court, by their instruction in the second exception, excluded it wholly from their consideration.

Wm. Schley for the appellee.

1. The right of the defendant to show the absence of a consideration for the note, cannot be questioned, and that is the sole point presented by the prayer and instruction in the first exception. The prayer rests upon the hypothesis that the note was given upon an insufficient consideration.

2. It is conceded that the whole answer should have been read, and that it is *prima facie* evidence of the facts contained in it; but though supplying evidence of facts of that description, it is not proof of legal inferences. 1 *Stark. Ev.* 291 to 293. *Peaks. Ev.* 89. *Roe ex dem. Pellatt et al. vs. Ferrars*, 2 *Boss. & Pull.* 542.

The answer is to be regarded as the deposition of a witness, and if it appears, that it contains facts, which might have been procured from other sources, such facts are to be rejected. In alleging that *Jones* endorsed the draft to

secure the plaintiffs, the answer contradicts the written contract furnished by the instrument itself, which cannot be done, nor can it prove the agreement referred to, because such agreement being by parol, is void by the statute of frauds.

It does not follow from the rejection of the plaintiffs' prayer, that their case was taken from the jury. They might have preferred other prayers, which would have allowed them that privilege.

CHAMBERS, Judge, delivered the opinion of the court.

The first bill of exceptions presents the question, whether an endorser of a bill of exchange is bound by a promise to repay the acceptor, the amount of the bill which the acceptor had paid to the endorsee, such promise having been made solely in consequence of the entire ignorance and misconception by the endorser, of the nature and extent of his liability.

The appellant's counsel has not relied on this exception, and we concur entirely in the opinion of the court below.

The question raised by the second exception is not probably, the precise point intended to be raised by the plaintiffs' application. The plaintiffs did not assume as the foundation of their motion, any previous contract, or agreement of the *defendant* with the plaintiffs, or with *Norwood*, as alleged in the answer, but they rely on his knowledge of the facts and circumstances, in relation to the transactions between *Norwood* and the *plaintiffs*.

It is by no means a necessary consequence, that because he knew of the transactions between *Norwood* and the plaintiffs, he was therefore bound by any engagement made for him by *Norwood*. Such knowledge may consist with the fact, that *Norwood*, in making an engagement for the defendant, acted not only without authority, but in direct opposition to his directions.

There was therefore, no such necessary inference, of either a legal or moral obligation, arising from " the knowledge of

the facts and circumstances, in relation to the transactions between *Norwood*, and the plaintiffs," as to justify a direction to find for the plaintiffs.

The court however, in giving the law to the jury, use language very different from that in the plaintiff's application. They say, there is no sufficient evidence in the cause, that *Jones* agreed to be responsible to the plaintiffs, in case *Norwood* should not pay.

The answer of the plaintiffs, which was evidence in the cause, and relied upon by the defendant, states, that *Jones* put his name upon the bill at the request of *Norwood*, and did so " expressly to indemnify and secure the plaintiffs against any loss, by reason of such acceptance." Again, that he did so " expressly with a view, and under an agreement with *Norwood* to indemnify and save harmless the plaintiffs, against any loss, or liability, by reason of accepting said draft." That it was " well understood and agreed by all the parties concerned, that *Jones* was liable in law, and bound to pay by virtue of his endorsement, and the *agreement and understanding*, by virtue of which it was made."

The objection taken at the bar, that the answer, is not evidence of a fact, which upon looking at the face of the answer does not appear to be within the knowledge of the party, cannot affect this case, because the plaintiffs in a subsequent part of their answer, assert that *Jones*, when called on by them for payment, " admitted to them that he was liable to pay them the said sum of money, and that he endorsed the said bill upon that understanding and belief."

Upon such testimony, the jury if they gave credit to it, would certainly be warranted in finding for the plaintiffs; and the court was wrong, we think, in expressing a contrary opinion.

It is said however, that this opinion of the court was not in the form of an instruction to the jury, but appears in the

record, as one of the *reasons*, for refusing the motion of the plaintiffs.

It is the province of the court, whenever called on by plaintiff or defendant, to inform the jury, what are the principles of law applicable to the case under trial, which should control and regulate their verdict. When the law is declared by the court, the jury are expected to govern themselves by it, and the counsel will not be permitted to claim their verdict, upon any principles at variance with the positions advanced by the court. If the court be wrong the remedy is by appeal, and a reversal of the erroneous opinion. The law of this case, as declared by the court below, concluded the plaintiffs' counsel, from asking a verdict at the hands of the jury, and such a verdict could not be found, but by totally disregarding the law, as declared by the court. The injury to the plaintiff in this case, is not lessened by the particular form, or technical designation of the opinion. The exception is taken to the " instruction " of the court, and we cannot but consider, any decision, or declaration by the court upon the law of the case, made in the progress of the cause, and by which the jury are influenced, and the counsel controlled, as coming within the scope and meaning of the term.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**