## A. J. WHITESIDE *et al.*, Plaintiffs in Error, *v.* JOSEPH N. TUNSTALL, Defendant in Error.

### AGREED CASE FROM GREENE.

Where persons are regularly summoned as garnishees, and make default, they admit an indebtedness to the defendant equal to the amount recovered against them.

WHITESIDE and Eaton employed Tunstall to set up a steam engine, which if he did not successfully accomplish, he was not to have any other consideration than his board and horse keeping. During the progress of his work, one Parkey, who had a judgment against him, caused an execution to be issued, which was returned, two days afterwards, "No property found." Parkey caused garnishee process to issue against Whiteside and Eaton; they failing to answer to the garnishee process, were adjudged to pay, and did pay, the amount of the judgment against Tunstall. The Circuit Court decided that Whiteside and Eaton had no recourse against Tunstall for the money paid for him, because the *fi. fa.* against him did not run the seventy days before its return. Tunstall did not succeed in his undertaking to set up the steam engine, and Whiteside and Eaton were not his debtors. The judgment complained of was pronounced at November term, 1855, of the Greene Circuit Court.

D. A. SMITH and J. M. PALMER, for Plaintiffs in Error.

C. D. HODGES, for Defendant in Error.

CATON, J. I am of opinion that the appellants were concluded by the judgment against them in the garnishee proceeding. They were regularly summoned to answer whether they did not owe the defendant twenty-one dollars. They failed to appear and answer at all and were defaulted, and judgment was entered against them for the amount. They thereby admitted an indebtedness to the defendant of at least that amount; and that admission was as conclusive upon them as if they had

appeared and denied the indebtedness; and upon a trial a jury had found the existence of the indebtedness. Had there been such a trial, and the indebtedness had been proved to the satisfaction of a jury, and a verdict and judgment had been accordingly rendered, would it be compatible with the intention of the statute, after paying that judgment, to allow them again to litigate the matter with the defendant? If they paid his debt at his request, it was not as an advance and accommodation for him, but as a duty and an obligation to him. The law can imply no other request on his part for them to pay his debt. They can only recover against him for money paid to his use and at his request,—where the request either express or implied is, that they shall pay it as an advance to him and for his accommodation. The law can imply no such request here, but only that they should pay and satisfy the judgment against him out of money which they owed him. If we cannot imply that request, we can certainly imply no other, and then we must hold that the money was paid without his request, in which event he is not liable to reimburse it, for they cannot become his debtors against or without his consent, express or implied.

The judgment must be affirmed.

*Judgment affirmed.*