# Wm. Devries and others *vs.* John M. Buchanan Garn. of Horace G. Buchanan.

Under the 5th sec. of the act of 1795, ch. 56, authorising interrogatories to the garnishee "touching or concerning the property of the defendant in his possession" &c., "at the time of serving" the attachment "or at any other time," inquiry may be made as to property obtained *before* as well as *after* the service of the writ.

The proceedings by interrogatory and answer, under this act, are in the nature of a *discovery*, and the answer is to be regarded as *evidence* and not as part of the *pleadings*, and therefore if used at all the *whole of it*, as well that which *discharges* the garnishee as that which *charges* him, must be read.

Where an answer is given in evidence in a court of law the party is entitled to have the whole of his answer read; it is to be received as *prima facie* evidence of the facts stated in it, open however to be rebutted by the opposite party.

Appeal from the Circuit Court for Allegany County.

*Attachment* on a judgment in favor of the appellants against H. G. Buchanan, laid in the hands of the appellee as garnishee, who appeared and plead *nulla bona.*

The plaintiffs then filed an interrogatory to the garnishee, which, with the answer thereto, is fully set out in the opinion of this court. The plaintiffs excepted to the sufficiency of the answer, because 1st, it was not a proper and sufficient answer to the interrogatory filed; 2nd, a direct and explicit answer is not given to the interrogatory; and 3rd, the answer given is not sufficiently specific. These exceptions the court (Perry, J.) overruled, and gave judgment in favor of the garnishee for costs, from which the plaintiffs appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Mason, J.

*Geo. A. Pearre,* for the appellants argued:

1st. That the question put was a proper one. The 5th sec. of the act of 1795, ch. 56, allows the attaching creditor to ask any question *"touching or concerning"* the property, &c. These words are very extensive in their meaning. The act did

Devries, *et al.*, *vs.* Buchanan, Garn. of Buchanan.

not intend to limit the attaching creditor to a stereotyped question, "had you or not, any property or money of A. B. in your hands when this attachment was laid? or have you since had?" If it had so intended, it would have so said. The object of the act was, to enable the attaching creditor to purge the conscience of the garnishee thoroughly, and to this end he is required to answer "each and every interrogatory touching or concerning the property in his possession or charge, or by him due or owing at the time of serving such writ of attachment, or at *any other time.*" If the answer given is a proper answer to any and all interrogatories, then the act would have defined the question to be asked. If the answer given is the only answer the law will enforce, no matter what the interrogatories are, it was folly to enact, that he should answer "each and every of the interrogatories." The propriety of the question is best shown by explaining its object. The debtor had a store on Wills creek, which he had kept for several years, purchasing goods from the plaintiffs; the garnishee was his father; and the plaintiffs had reason to believe the garnishee had received large sums of money, the proceeds of the goods in this store, and was smuggling them from the debtor's creditors for his own use, and that of his son. They were unwilling so far to trust the appellee as to frame the interrogatories in such manner as to afford him an opportunity, both to charge and *discharge* himself by his own oath. They desired to frame the interrogatory in such manner, that if he answered it simply according to the truth, as they supposed it to exist, his answer would *charge* him, and then that he should discharge himself if he could, not by his own oath, but by proper vouchers or proof, showing what disposition he had made of the money. This the appellants think they have a right to do. Such is the rule in chancery. 1 *H. & G.*, 81, *Ringgold vs. Ringgold.*

2nd. The exceptions are as pointed as they can be. The answer evades the question. The exceptions are, that the answer is not specific to the question nor direct and explicit. The garnishee having submitted to answer the interrogatory must, as in chancery, answer in full. 3 *Madd. Ch. Rep.*, 70, *Mazzaredo vs. Maitland.* 2 *Bland,* 448, *Buckingham vs.*

*Peddicord.* He does not demur to the interrogatory, and refuse to answer it, but protests that he is only bound to give one answer to it, which he gives. If he had demurred and the demurrer had been sustained, the attaching creditors could, in the court below, have changed the form of their interrogatories and not been brought up on appeal. Therefore the propriety of the form of the interrogatory is not inquirable into here. By submitting to answer he has waived it, though he puts in a protest as to the form of the interrogatory. A party cannot, both answer and demur to the same thing. The demurrer admits the facts. The province of a plea is to deny or confess, and avoid them. A demurrer is a declaration, that the party will "go no further." If he goes further it is no demurrer. 1 *Chitty's Pl.*, 661. Again, by answering he waived all right to demur. *Story's Eq. Pl.*, sec. 688.

*Thos. Devecmon and J. H. Gordon* for the appellee, argued:

1st. That the exceptions do not point out with sufficient clearness the defects which are complained of in the answer. 2 *Daniel's Ch. Pr.*, 882, note 1. *Witford's Ch. Pl.*, 315, note 1. 4 *Paige*, 88, *Stafford vs. Brown. Lube's Eq. Pl.*, 67. *Cooper's Eq. Pl.*, 319.

2nd. That the right to put interrogatories is limited to the subject of litigation, which is the property in the hands of the garnishee "*at the time of serving the writ of attachment or at any other time;*" which latter clause has been construed to mean any other time after the service of the writ, and before the trial. 7 *Md. Rep.*, 296, *Glenn vs. Boston, &c. Glass Co.* Therefore, an answer showing property in hand at any other time would be irrelevant. *Hinkley on attachment* 108, 109. *Story's Eq. Pl.*, secs. 607, 682. 2 *Daniel's Ch. Pr.*, 1125. 9 *Price*, 486, *Jefferis vs. Whittuck.* 1 *G. & J.*, 281, *Hagthorp vs. Hook. Cooper's Eq. Pl.*, 190. 1 *Daniel's Ch. Pr.*, 626, 636.

3rd. If the plaintiff's had a right to inquire about property in the hands of the garnishee before the service of the writ upon him, it ought to have been done by interrogatories pointing clearly to the time about which they desired to inquire.

But they are so general as to leave him to infer, that they pointed to a different time subsequent to the service, and therefore the answer is sufficient. *Story's Eq. Pl.*, secs. 320, 559. *Wigram on Discovery*, 86.

4th. The garnishee demurs to part of the discovery, and answers the balance, and the plaintiffs, by excepting to the answer admit the validity of the demurrer. *Lubes Eq. Pl.*, 36, 69, 70. 3 *Peere Wms*, 326, *London Assurance Co. vs. East India Co. Mitford's Eq. Pl.*, 317, 378. *Story's Eq. Pl.*, sec. 689, *note* 2. 2 *Daniel's Ch. Pr.*, 794, 878.

Tuck, J., delivered the opinion of this court.

In the progress of this cause, the plaintiffs, after the garnishee had pleaded *nulla bona*, filed the following interrogatory to be answered by him. "Did you or did you not from time to time receive money, the proceeds of goods which were in the store of H. G. Buchanan on or near Wills Creek, and did you or did you not receive from time to time, other moneys or effects of said H. G. Buchanan? If yea, state the several amounts received, the persons from whom received, and the time when received." To this interrogatory the garnishee, protesting that he was not bound by law to answer further, or in any other manner, said that he had not, at the time of the service of the attachment, nor at any time since, nor has he now in his hands or possession or under his control or charge, any goods, chattels, moneys, credits or property, of H. G. Buchanan, nor was he at the time of the service of the writ, or at any time since, nor is he now in any manner, indebted to him in any sum of money whatever. This was accompanied by an offer to answer further, if required by the court. The plaintiffs excepted to the sufficiency of the answer, as not responsive to the interrogatory, which being overruled by the court, and the judgment rendered against them, the plaintiffs appealed.

The object of placing the interrogatory in this form, as we were informed at the argument, was to obtain a discovery as to property and money supposed to have been received by the garnishee, before the service of the attachment; and the

appellants' counsel contended, that where a garnishee in his answer admits having received property of the debtor, at any time before service of the writ, he cannot, in the answer, discharge himself from the effect of the process, by stating how he has parted with the property, and thus enable himself to say that he had none such at the time of making the answer.

The act of 1795, ch. 56, sec. 5, authorizes the plaintiffs to exhibit interrogatories to the garnishee, who shall answer each and every thereof, "touching or concerning the property of the defendant in his possession or charge, or by him due or owing at the time of serving such writ of attachment, or at any other time;" and if he shall neglect or refuse so to do judgment may be entered against him. Upon this clause the point in argument was, whether the words, "or at any other time," related to property obtained by the garnishee, before as well as after the service of the writ. It has been the practice to condemn property or credits in the garnishee's hands at the time of the trial, (7 *Md. Rep.*, 296,) although the replication to the plea of *nulla bona*, confines the issue to the time of the service of the process, (2 *Ev. Har.*, 165,) and this is the practice in England, whence our attachment law appears to have been taken. *Locke on Attachment*, 68; 83, (79 *Law Lib. Davidson vs. Beatty*, 3 *H. & McH.*, 609. It is clear that the garnishee cannot be held liable for that which he had, but parted with before the commencement of the proceedings, if he has done *so in good faith*. But he may not be in actual possession, and yet be clothed with the legal right; and, as points of law may arise out of the circumstances attending his possession and disposal of the property, it may be necessary to a correct understanding of the subject, that these should be exposed, and the question here, is whether the garnishee can be called on to disclose them. It cannot be denied, that the plaintiff may by other means, show that the garnishee had effects of the defendant, or was indebted to him before the writ issued, and leave him to discharge himself as he may be able. Indeed there may be, in most cases, no other mode of proving property in his hands at that time. That certainly would be an inquiry "touching or concerning the property of the defendant," in

the garnishee's hands at a time not embraced by the words of the act, as they are interpreted by the appellee's counsel. And so he might call witnesses to prove such possession or indebtedness after the issuing of the writ, without resorting to the garnishee's oath. The interrogatory and answer do not, of themselves, determine the liability of the party. Their object is to enable the plaintiff to use the garnishee as a witness; and the words "at any other time," indicate the scope of the inquiry, for the purpose of ascertaining whether the property or effects in controversy, be liable under the process at the time of the trial. The proceeding in this respect, is in analogy to, and serves the office of, a bill of discovery, which, it is said, "is much resorted to, and found beneficial in discovering property in the hands of the garnishee, and the circumstances attending the dealings between the garnishee and defendant." *Locke on Atta.*, 16, *note (d.)* There is no injustice in this. The garnishee stands between the original parties to the suit. If he owes the defendant, the law declares that the property or debt may be condemned to the use of the plaintiff; only changing the party to whom he will have the debt to pay. If his dealings with the defendant have been fairly and properly conducted, he should not object to giving the information, in view of the conditions on which alone the answer can be used against him.

But in reversing the judgment below, for the reason that the court did not require the interrogatory to be answered, we are not to be understood as concurring with the counsel for the appellants, in his view of the uses to be made of the garnishee's answer. He relies upon the doctrine that, "where a complainant seeks a discovery and relief, and to make out his case, applies himself to the conscience of the defendant, if in his answer, the liability is once admitted, there can be no escape from it but by proof," *Ringgold's Case*, 1 *H. & G.*, 82. This is the established rule in equity. But a distinction is to be observed between evidence and pleadings. At law, as well as in equity, where the plea admits the matter in demand, but avoids it by other circumstances, the proof of the avoidance is on the defendant. *Hart vs. Ten Eyck*, 2 *Johns. Ch. Rep.*,

Devries, *et al.*, *vs.* Buchanan, Garn. of Buchanan.

62, recognized in 1 *H. & G.*, 81. As we have said, the proceedings by interrogatory and answer, in cases of attachment, are in the nature of a discovery. The answer to such a bill, is read as evidence and not as part of the pleadings. The party calling for the discovery need not rely upon the answer, but if it be used at all the principles of evidence must apply. The subject is fully discussed in 2 *Ev. Pothier,* 136, 137, 138. After stating the effect of an answer, as part of the pleadings in the same cause, he says, (page 137,) "But where an answer is adduced as evidence in a court of law, no part of it is immediately in issue, neither does it form any direct proceeding in the cause. It is only one amongst other *media* for the investigation of truth. And if one side introduces it at all, the other may insist upon the whole being read, in order that a judgment may be formed upon its entire credit and effect. But, though the whole must be read, it does not necessarily follow that it must be wholly admitted as true, or wholly rejected as false; the credit and effect of any part of it is to be considered by the jury, according to the general impression of their minds, derived from the general consistency of the answer in itself, or the light which may be thrown upon it by other evidence." And in *Lawrence vs. Ocean Ins. Co.*, 11 *Johns.*, 269, it is said to be "an invariable rule, that, where an answer is given in evidence in a court of law, the party is entitled to have the whole of his answer read. It is to be received as *prima facie* evidence of the facts stated in it; open however to be rebutted by the opposite party." *Sowerwein vs. Jones,* 7 *G. & J.,* 335. See also 1 *Stark. Ev.*, 335, *(Ed. of* 1842.) *Hoffman vs. Smith,* 1 *Caines' Rep.*, 160, *note (b.) Norris' Peake,* 86. 2 *Johns. Ch. Rep.*, 62. *Roe vs. Ferrars,* 2 *Bos. & Pul.,* 548, *note.*

In attachment cases, the issue is not as to the truth of the answer, but on the replication to the plea of *nulla bona,* and when the answer is called for and relied on by the plaintiff, it would be a harsh construction of the law to deny to the garnishee, between whom and the plaintiff there is no privity of contract, less benefit from the answer than the plaintiff's own debtor, the defendant, might claim from his answer, if a dis-

covery were sought of him, to be used as evidence for the plaintiff. We perceive no reason why the same principles of evidence should not govern both cases.

*Judgment reversed and procedendo awarded.*